UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK NIXON,

    Plaintiff,

v.                                 No.3:07-cv-1000-J-12TEM

SHERIFF JOHN RUTHERFORD,
etc., et al.,

    Defendants.

## O R D E R

This cause is before the Court on Defendant Sheriff Rutherford's (Defendant Sheriff Rutherford) Motion to Dismiss Plaintiff's Complaint (Doc. 6), filed November 14, 2007. The Plaintiff's memorandum in opposition (Doc. 14), was filed December 7, 2007.

Defendant Sheriff Rutherford, on behalf of the City of Jacksonville, asserts that the Plaintiff's Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for municipal liability under 42 U.S.C. § 1983 (Count II) and for failure to state claims upon which relief can be granted against the City of Jacksonville under Florida law (Counts III and IV). The Plaintiff concedes that he cannot state a claim for relief under Florida law for negligent arrest and so Defendant Sheriff Rutherford's Motion to dismiss is due to be granted as to Count IV of the Complaint.

The Court has carefully reviewed Count II of the Complaint and the applicable law and is of the opinion that the Plaintiff has set forth sufficient allegations regarding customs, policies, and practices of the City of Jacksonville alleged to have caused the violation of Plaintiff's rights to withstand the motion to dismiss. After conducting discovery in this case,

Defendant Sheriff Rutherford will have the opportunity to challenge whether the evidence is sufficient to sustain such allegations.

In addition, the Court is of the opinion that Count III states a cause of action for false imprisonment against Defendant Sheriff Rutherford. The Complaint alleges that one of his officers, Defendant T.M. Nelson, executed an arrest warrant in violation of the Plaintiff's civil rights, after obtaining it based on false representations. For the reasons set forth below, the Court is not convinced that on the facts presented in this case, the cases cited by Defendant Sheriff Rutherford would support the conclusion that no cause of action for false imprisonment exists.

This case does not present a situation where Defendant T.M. Nelson was entitled to accept the warrant as lawful because it was issued by another entity having the legal authority to issue warrants. See Jibory v. City of Jacksonville, 920 So.2d 666, 667 (Fla. 1st DCA 2006). Because she herself obtained the warrant, she is not in the same position as an officer who is entitled to rely on its facial validity. Nor can it be said in this case that no special duty was owed to the Plaintiff or that Defendant T.M. Nelson did not exercise any discretion in executing the warrant, when she is alleged to have sought the warrant based on her own observations and provided the erroneous information upon which the warrant was issued. Cf. Willingham v. City of Orlando, 929 So.2d 43 (Fla. 5th DCA 2006).

The Court finds in this case, where the officer who executed the warrant is the same officer who procured the warrant based on allegedly false information, that the distinction between a "void" warrant for which an action for false imprisonment lies, and a "voidable" warrant for which only an action for malicious prosecution lies is not helpful or dispositive. See, e.g., Johnson v. Weiner, 19 So.2d 699, 171-172 (Fla. 1944); Jackson v. Navarro, 665

So.2d 340 (Fla. 4th DCA 1995). The Court is of the opinion that the Plaintiff has stated a cause of action for false imprisonment on the facts of this case.

As a result, the Court will deny the motion to dismiss as to Counts II and III and will grant the motion to dismiss as to Count IV. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Defendant Sheriff Rutherford's Motion to Dismiss Plaintiff's Complaint (Doc. 8) is denied as to Counts II and III; and

2. That Defendant Sheriff Rutherford's Motion to Dismiss Plaintiff's Complaint (Doc. 8) is granted as to Count IV, and Count IV of Plaintiff's Complaint (Doc. 1) is hereby dismissed with prejudice.

**DONE AND ORDERED** this 31st day of January 2008

_Howell W. Melton_
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record